Ruffin, Judge.
 

 The agreement of Counsel, stated in tiie record, ought surely to bind the parties to submit to any order of the Court, for putting the verdict <in4he. record, not only in a legal form, but in the proper form, according to the case proved on the trial. It must mean, that any inadvertence of the jury in returning, or slip of the Clerk in ent -ring a defective verdict, should be obviated by such a correction, by the parties themselves, or by the Court.
 

 But it is not necessary to resort to that agreement, in justification of the course pursued by (he Court below. It is the constant practice to set. verdicts right from the notes of the Judge, as was done in this case.
 
 (Petrie
 
 v.
 
 Hannay, 5 T R.
 
 659). No inconvenience can arise, and justice is often answered and costs saved by it. If a .Plaintiff offer no evidence, the Court ought to nonsuit, him. If lie declare in several counts, and offer no evidence upon some of them, but.prove others, and the jury find for him, unless the jury expressly specify llie counts on which the verdict is founded, the Court may, and does direct it to be entered up, on the count to which, llie evidence was applicable. If the evidence be not sufficient in law to sustain the verdict as entered, the De» lendant can spread the whole case on the record by an exception, and obtain the revision of this Court, as in other cases. He, is deprived of no right or proper privilege whatever.
 

 Per Curiam. — Let the judgment of the Court below be affirmed.